# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 09-10034 (DPW) |
| | ) |
| AUSTIN PRECISION PRODUCTS, INC. d/b/a LARUE TACTICAL, | ) ) |
| | ) |
| Defendant. | ) ) |

_____

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO, P.C.
Paul J. Hayes (BBO# 227,000)
pjhayes@mintz.com
Paul J. Cronin (BBO# 641,230)
pjcronin@mintz.com
One Financial Center
Boston, MA  02111
617-542-6000 (telephone)
617-542-2241 (facsimile)

# Contents

I.   BACKGROUND ............................................................................................ 1

II.   APPLICABLE LEGAL STANDARDS ...................................................... 7

III.   ARGUMENT ............................................................................................... 7

   A.  DISPUTED MATERIAL FACTS EXIST REGARDING THE ACCUSED
      ACTUATING MEANS ......................................................................... 8

     1.  "Base" and "Tubular Portion"............................................................ 10

     2.  The Actuating Handle is Engaged to the Locking Means................... 14

   B.  SECOND CAMMING AREA SPACED APART FROM A FIRST CAMMING
      AREA................................................................................................... 16

IV.  CONCLUSION........................................................................................... 19

## Cases

*Abbott Labs. v. Sandoz, Inc.*,
   566 F.3d 1282 (Fed. Cir. 2009)............................................................................ 18, 19

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
   559 F.3d 1308 (Fed. Cir. 2009).............................................................................. 9, 12

*Dolly, Inc. v. Spalding & Evenflo Cos.*,
   16 F.3d 394 (Fed. Cir. 1994)........................................................................................ 7

*Gaus v. Conair Corp.*,
   363 F.3d 1284 (Fed. Cir. 2004)......................................................................... 7, 8, 15

*Gemtron Corp. v. Saint-Gobain Corp.*,
   572 F.3d 1371 (Fed. Cir. 2009)................................................................................... 5

*Hearing Components, Inc. v. Shure, Inc.*,
   600 F.3d 1357, 1370 (Fed. Cir. 2010)........................................................................ 3

*Kara Tech., Inc. v. Stamps.com, Inc.*,
   582 F.3d 1341 (Fed. Cir. 2009)................................................................................. 13

*Kraft Foods, Inc. v. Int'l Trading Co.*,
   203 F.3d 1362 (Fed. Cir. 2000)............................................................................. 5, 17

*Perfect Web Techs., Inc. v. InfoUSA, Inc.*,
   587 F.3d 1324 (Fed. Cir. 2009)................................................................................... 5

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
   550 F.3d 1356 (Fed. Cir. 2009).............................................................................. 5, 6

*Toro Co. v. White Cons. Indus., Inc.*,
   266 F.3d 1367 (Fed. Cir. 2001)............................................................................. 7, 17

Plaintiff, Atlantic Research Marketing Systems, Inc. ("A.R.M.S."), respectfully submits this memorandum of law in opposition to the motion of defendant, Austin Precision Products, Inc. d/b/a/ LaRue Tactical ("LaRue"), for summary judgment of non-infringement.  For the reasons set forth below, LaRue's motion should be denied as genuine issues of material fact exist and should be resolved by the jury.[1]

## I.  BACKGROUND

A.R.M.S. alleges that a number of "mounts" sold by LaRue for attaching items (such as telescopic sights) to weapons (such as AR15 and M16 rifles) infringe claims 2 and 3 of U.S. patent number 4,845,871 ("the '871 patent").  LaRue moves for summary judgment, arguing that the accused products do not have an "actuating means" or spaced apart first and second camming areas.  A.R.M.S. asserts that LaRue copied A.R.M.S.'s patented mount invention and the accused products incorporate each element of the asserted patent claims as set forth in the claim charts and expert declaration submitted herewith.

That LaRue copied A.R.M.S.'s patented invention is apparent from a comparison of A.R.M.S.'s patented product and LaRue's accused LT170 product illustrated below:

---

[1] A.R.M.S.'s responses to LaRue's statement of undisputed facts are found in Appendix A at the end of this brief.

**A.R.M.S.**                                          **LaRue**





Ex. A, p.2.[2/]

_____

[2/] Unless otherwise noted, the exhibits referenced in this brief are attached to the Declaration of Paul J. Cronin submitted herewith.

The A.R.M.S. product and the accused LaRue product can also be interchangeably mounted in the same manner on the handguard of a weapon as shown below:





*Id.*, pp. 7-8.

The Federal Circuit has determined that such interchangeability is an "important factor" in determining infringement in a patent case. *See*, *e.g.*, *Hearing Components, Inc. v. Shure, Inc.*, 600 F.3d 1357, 1370 (Fed. Cir. 2010) (citation omitted).

Further, when deposed in this case, Mark LaRue, founder and owner of LaRue Tactical, testified that he had possession of A.R.M.S.'s patented commercial product when he designed the accused products:

> Q. All right.  In January of '04, you were aware of ARMS – you
> were aware of ARMS because you had the ARMS product
> while you were –
>
> A. Yes.
>
> Q. -- designing your product?
>
> A. Yes.

Ex. B, p. 595.

Mr. LaRue also testified that he chose to copy A.R.M.S.'s patented commercial product

rather than the prior art:

> Q. All right.  So when you chose to design your product, you
> chose to design – to have the lever move on a horizontal plane,
> just like ARMS's, not like [the prior art] Warne Rings',
> correct?
>
> MS. HAMMITTE:   Objection.
>
> A. Correct.

Ex. C, pp. 534-35.  Hence, the similarities between the patented and accused products are

no accident.

As set forth in detail in its claim charts produced to LaRue in this case, A.R.M.S.

asserts that LaRue's mounts, as exemplified by the LT170 above, infringe claims 2 and 3

both literally and under the doctrine of equivalents. *See*, Ex. D.[3]  These claim charts

specifically point out where each element of the patent claims is found, literally and by

equivalence, in the accused products. *Id. See also*, O'Keefe Decl., ¶ 6.  LaRue's denial

that certain features of the claim are found in the accused products creates factual

disputes that preclude summary judgment.

---

[3] A.R.M.S.'s technical expert agrees with the analysis set forth in these claim charts as they pertain to the claim elements at issue herein. *See*, O'Keefe Decl., ¶¶ 17, 23, 28, 36, 40.

A.R.M.S. also submits herewith the declaration of its technical expert, Philip J. O'Keefe.  As indicated in his attached *CV*, Mr. O'Keefe has over 28 years of experience in mechanical design and over 37 years of experience with handling firearms. O'Keefe Decl., ¶ 6.  In his declaration, Mr. O'Keefe states that the accused products, in fact, incorporate, literally and by equivalents, each element of the asserted claims that LaRue asserts in its present motion are lacking. *Id.*, ¶¶ 13-41.  Accordingly, summary judgment of non-infringement should be denied due to the presence of numerous genuine issues of material fact. *See, e.g.*, *Kraft Foods, Inc. v. Int'l Trading Co.*, 203 F.3d 1362, 1373 (Fed. Cir. 2000).  In contrast, LaRue has elected not to submit any declaration, expert or otherwise, in support of its motion.  Instead, LaRue relies solely upon unsworn attorney argument in support of its argument that the accuse products do not infringe.  As attorney argument is not evidence, *Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009), the unrebutted declaration of Mr. O'Keefe precludes granting LaRue's motion for summary judgment.

LaRue also refers in numerous portions of its brief to "one of ordinary skill in the art." *See*, LaRue br., pp. 1, 3, 15, 17.  LaRue's brief does not state what a person of ordinary skill in this art is, and its statements regarding such skill are, again, mere attorney argument.  The Federal Circuit has rejected such attorney argument regarding one of ordinary skill. *See*, *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1332 (Fed. Cir. 2009); *see also*, *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1362 (Fed. Cir. 2009) (admitting testimony from an unqualified witness with no skill in the pertinent art "serves only to cause mischief and confuse the factfinder.")  This Court should, therefore, also reject LaRue's arguments as to what a person of ordinary skill

would or would not understand.  *See*, *Sundance v. DeMonte*, 550 F.3d at 1363 ("where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art").  In contrast, Mr. O'Keefe describes a person of ordinary skill, O'Keefe Decl., ¶ 10, and the understanding of such a person regarding the matters at issue herein. *Id.*, *passim*.

LaRue's motion also relies upon numerous dictionary definitions of the claim terms, *see*, LaRue br., pp. 9, 10, 13, 14, and requests the Court to construe these terms in accordance with the dictionary definitions (disputed by A.R.M.S. *infra*).  The time for claim construction in this case, however, has come and gone.  The Court issued its *Markman* Order three months ago, on May 12, 2010. *See*, Dkt. No. 127.  As the Court stated therein, LaRue submitted its Opening Claim Construction brief "disputing a total of nine claim terms from the '871 Patent." *Id.*, p. 4.  Among the nine claims terms were each of the terms addressed in LaRue's present motion for summary judgment, namely "actuating means," "base," "tubular portion," and first and second "camming areas." *See*, Ex. E, pp. 7-8.  As the Court also noted, LaRue requested and was given leave to file a Substitute Claim Construction Memorandum in which LaRue changed position on whether "actuating means" required means-plus-function treatment and "withdr[e]w its initial construction of the remaining terms thereby agreeing with ARMS that such terms should be 'given their plain meaning.'" Dkt. 127, p. 4.  Having expressly withdrawn the claim terms that are the subject of its present motion from the claim construction procedure, LaRue should not now be permitted to: (1) submit new dictionary definitions and request the Court's to accept such constructions, and then (2) move for summary

judgment based on those constructions.  To condone such conduct would be to make a mockery of the claim construction process in this case.[4/]

## II.    APPLICABLE LEGAL STANDARDS

For the purposes of addressing the arguments raised in LaRue's motion, A.R.M.S. is in general agreement with the legal standards for summary judgment and patent infringement set forth on pages 1-7 of LaRue's brief.  A.R.M.S. submits, however, that LaRue has failed to cite a number of additional authorities that are relevant to the disposition of its motion.  For example, contrary to LaRue's argument that its "single-piece" actuating means does not infringe, the Federal Circuit has held that "[e]quivalency can . . . exist when separate claim limitations are combined into a single component of the accused device." *Gaus v. Conair Corp.*, 363 F.3d 1284, 1292 (Fed. Cir. 2004) (citing *Dolly, Inc. v. Spalding & Evenflo Cos.*, 16 F.3d 394, 399 (Fed. Cir. 1994)).  Moreover, summary judgment is particularly unwarranted in this case because the Federal Circuit has also held that the determination of whether a two-piece component is equivalent to a one-piece component is a material issue of fact for the jury to decide. *Toro Co. v. White Cons. Indus., Inc.*, 266 F.3d 1367, 1370 (Fed. Cir. 2001).

## III.   ARGUMENT

LaRue argues that the accused products do not infringe because they lack: (A) an "actuating means," and (B) a second camming area spaced from a first camming area.  As indicated above, LaRue elected not to submit an expert declaration in support of these assertions and relies instead solely upon attorney argument.  For the reasons set forth below and in the declaration of A.R.M.S.'s technical expert, factual disputes exist

---

[4/] The Court has already penalized LaRue in the amount of $5,000 for its failure to identify the relevant legal issues for claim construction in timely fashion. *See*, Electronic Order dated March 11, 2010.

regarding LaRue's non-infringement arguments and, therefore, its motion should be denied.

A.    <u>DISPUTED MATERIAL FACTS EXIST REGARDING THE ACCUSED ACTUATING MEANS</u>

On page 8 of its brief, LaRue argues that the accused products do not have an "actuating means" because they use "a single component that includes both a handle and a camming surface." In contrast, LaRue argues, figure 9 of the '871 patent discloses an embodiment wherein the handle and camming surface are separate components. A.R.M.S. disputes this factual assertion of non-infringement. LaRue's argument should initially be rejected outright, however, as contrary to law because LaRue does not avoid infringement by simply combining two claim elements into a single component. *See*, *Gaus v. Conair*, 363 F.3d at 1292 ("[e]quivalency can . . . exist when separate claim limitations are combined into a single component of the accused device").

Further, as set forth in the claim charts served by A.R.M.S. after the Court issued its *Markman* decision, and in A.R.M.S.'s expert declaration, the accused products have an actuating means as that term was construed by the Court. *See*, Ex. D, pp. 3-5; O'Keefe Decl., ¶¶ 22-24, 27-28. More particularly, the Court found that the term "actuating means" includes an "actuating handle" that need not be "mechanically linked to the shaft of the locking means as described by LaRue Tactical." *See*, Dkt. No. 127, p. 13. Thus, LaRue's claim construction was rejected, and its attempt to resurrect such a construction via a summary judgment argument should likewise be rejected. As clearly illustrated on page 2 of exhibit A, reproduced below, the accused products incorporate an "actuating means" that includes an "actuating handle" (A):



(A) Handle

In addition, in paragraphs 15-23 of his declaration submitted herewith, A.R.M.S.'s technical expert, Mr. O'Keefe, states that the handle in the accused devices is an "actuating means" as construed by the Court and, thus, literally infringes this claim element.  Mr. O'Keefe also states that the "actuating means" limitation is met in the accused products under the doctrine of equivalents.  In order to infringe under the doctrine of equivalents, the accused feature must perform substantially the same function, in substantially the same way to achieve substantially the same result as the claim element. *See*, *e.g.*, *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1312 (Fed. Cir. 2009).  As explained in the O'Keefe declaration, the "actuating means" in the accused products identified above meet this test for equivalence. *See*, O'Keefe Decl., ¶¶ 24-28.  Thus, A.R.M.S. has submitted evidence from which a jury can, and should, determine that the accused products incorporate the claimed "actuating means."  LaRue's denial that its accused products incorporate an "actuating means" merely creates a factual dispute that must be resolved by the jury.

Notably, LaRue has not submitted any expert declaration in support of its motion. Instead, LaRue relies merely upon attorney argument.  Accordingly, LaRue's attorney argument that the accused products lack such a feature is contradicted by Mr. O'Keefe's unrebutted declaration and, for this additional reason, the motion for summary judgment should be denied. *See*, *Crown Packaging v. Rexam*, 559 F.3d at 1312.

     1.    <u>"Base" and "Tubular Portion"</u>

On pages 8-12 of its brief, LaRue argues that, if the accused products have an actuating means, then the actuating means lacks a "base" and a "tubular portion."  With respect to the "base," LaRue provides two out-of-context dictionary definitions and improbably argues that its "washer" is not a "base" because the washer is not "at the bottom of the actuating means, and the actuating handle does not stand or rest on the washer, and is not supported by the washer." LaRue br., p. 9.  This argument lacks common sense.  The accused products are not stationary objects, such as statues, that remain immovably erected upon a base.  The accused products are mounted to weapons that are used in an almost limitless number of orientations.  For example, when a weapon is slung over a person's shoulder for moving from one place to another, the accused mounts are in the vertical position.  When the weapon is discharged, the mounts are usually in the horizontal position.  Thus, LaRue's attempt to construe "base" as being a "bottom support" should be rejected.  A more rational definition of "base," given the nature of the accused products in this case, is provided in *Webster's* dictionary, namely "the part on, to, or in which the frame and operating parts of a mechanism are fastened." *See*, Ex. F, § e(1).

Claims 2 and 3 recite that the "base" has "a top surface and a centrally positioned aperture formed therethrough." The "base" in the accused product is what LaRue calls the "washer" to which the actuating handle is fastened. This arrangement is illustrated in the exploded diagram on page 8 of LaRue's brief and reproduced below:



The base is element B and fastens the actuating handle (A) to the body of the mount via tubular portion (C):



*See*, Ex. A, p. 5.

The assembled device is illustrated below:



Thus, as set forth in the declaration of Mr. O'Keefe, the accused products have a "base" and literally infringing this element of the claims. *See*, O'Keefe Decl., ¶¶ 18-19.  In order to infringe under the doctrine of equivalents, the accused feature must perform substantially the same function, in substantially the same way to achieve substantially the same result as the claim element. *See*, *e.g.*, *Crown Packaging v. Rexam*, 559 F.3d at 1312. As explained in the O'Keefe declaration the "base" disclosed in the patent and the base in the accused products identified above meet this test for equivalence. *See*, O'Keefe Decl., ¶¶ 24-25.  Accordingly, summary judgment with respect to this claim limitation should be denied.

On page 10 of its brief, LaRue argues that the accused products also lack a "tubular portion."  According to LaRue, the "tubular portion" illustrated above does not infringe this claim term because it has a hexagonal outer surface and a screw threads cut into its inner aperture. *Id.*  LaRue asserts that the word "tubular" means "having the form

or shape of a tube" and "tube" means "hollow, usually cylindrical body of metal, rubber, glass, etc." *Id.* A.R.M.S. disputes these proposed definitions.[5/] As the Court noted in footnote 4 on page 14 of the *Markman* Order, the Federal Circuit has "repeatedly warned against confining the claims to [the specific] embodiments" set forth in the specification. *See*, Dkt. No. 127, p. 14 n. 4 (quoting *Kara Tech., Inc. v. Stamps.com, Inc.*, 582 F.3d 1341, 1345 (Fed. Cir. 2009)). As a result, LaRue cannot limit the term "tubular portion" to the smooth cylindrical shape (84) disclosed as a preferred embodiment in Figures 8 and 9 of the patent. LaRue's attempt to change the term "tubular portion" to "smooth cylindrical portion" should be rejected.

As is evident from the photograph above, the accused products have a hexagonal tubular portion with a circular, tubular aperture through it. As set forth in the declaration of Mr. O'Keefe, the component identified as the "tubular portion" above is, indeed, literally a tubular portion. *See*, O'Keefe Decl., ¶¶ 20-21. Mr. O'Keefe also opines that the identified "tubular portion" in the accused products is equivalent to the claimed "tubular portion." *Id.*, ¶¶ 24, 26. Accordingly, LaRue's motion for summary judgment on the basis that the accused products lack a "tubular portion" should be denied.

On pages 9-10 of its brief, LaRue asserts in two sentences that the "washer" and the "tubular portion" are not connected to the actuating handle and, therefore, do not form part of the "actuating means." Contrary to LaRue's argument, the "washer" (base) and "tubular portion" are both connected to the actuating handle as illustrated once again below:

---

[5/] Once again, LaRue should have asked the Court to construe the term "tubular portion" during the *Markman* phase of the case. Instead, LaRue expressly withdrew that term from construction.



Thus, as set forth in Mr. O'Keefe's declaration, the "washer" (base) and "tubular portion" are both connected to the actuating handle. *See*, O'Keefe Decl., ¶¶ 22.  As a result, LaRue's argument on this point must be rejected.

On pages 11-12 of its brief, LaRue attempts to limit the functional features of the base and the tubular portion to the preferred embodiments illustrated in the patent.  This is improper because the Court previously rejected LaRue's efforts to limit the claim to the preferred embodiments. *See*, Dkt. No. 127, p. 14 ("I reject LaRue Tactical's effort to limit the language of Claim 2 of the '871 Patent to the preferred embodiment described in the specification.")  LaRue's attempt to resurrect this argument via a discussion of functional attributes should again be rejected.

2.    The Actuating Handle is Engaged to the Locking Means

On pages 12-14 of its brief, LaRue argues that there is no infringement because the actuating handle is not "engaged" to the locking means but, instead, the handle and locking means are "formed of a single piece of metal." LaRue br., p. 13.  As set forth above, combining two claim elements into a single component of the accused product

does not avoid infringement. *See*, *Gaus v. Conair*, 363 F.3d at 1292 ("[e]quivalency can . . . exist when separate claim limitations are combined into a single component of the accused device"). Thus, the jury can find that LaRue's combination handle/locking means infringes the asserted claims of the '871 patent.

As set forth in Mr. O'Keefe's unrebutted declaration, the actuating handle is "engaged" to the locking means in the accused devices, both literally and by equivalence.[6/] O'Keefe Decl., ¶¶ 22, 27. A.R.M.S. also disputes LaRue's belated definition of "engaged" that should have been raised during the *Markman* proceedings. There are many definitions of the verb "engage," including "to come into contact." *See*, Ex. G, § 2e. The handle and the locking means are in contact. *See*, O'Keefe Decl., ¶ 22. Moreover, one of the definitions for "engage" listed by LaRue is "to attach." LaRue br. p. 13. In his declaration, Mr. O'Keefe states that the handle is in contact with the locking means, both literally and by equivalence. O'Keefe Decl., ¶¶ 22, 24, 27. Thus, even under one of its own definitions, there is infringement and LaRue's motion for summary judgment on this claim term must be rejected.

---

[6/] In footnote 2 on page 13 of its brief, LaRue incorrectly asserts that A.R.M.S. has waived asserting infringement under the doctrine of equivalents for the "actuating means [be] engaged to the locking means" limitation of the claims. This assertion is incorrect. As shown in the claim charts submitted herewith and filed with the Court on June 10, 2010, A.R.M.S. alleged infringement of this claim limitation both literally and under the doctrine of equivalents. *See*, Ex. D, p. 19 ("The accused products also meet this claim element under the doctrine of equivalents. . . ."). The claim charts submitted as exhibit B to LaRue's brief were not the most recent charts that A.R.M.S. served on LaRue.

B.     SECOND CAMMING AREA SPACED APART FROM A
       FIRST CAMMING AREA

LaRue's final argument is that the accused products lack a second camming area

spaced apart from a first camming area. LaRue br., pp. 14-20.  A.R.M.S. disputes this

factual assertion.  As LaRue notes, the asserted claims recite as follows:

> the upper surface of the base portion [of the locking means]
> including a first camming area and a second camming area spaced
> from the first camming area . . .

LaRue br., p. 14

According to LaRue, the accused products do not infringe because they "only

have one camming area, which is located on a contiguous surface, not two (i.e., 'first

camming area' and 'second camming area') that are required by the claims." LaRue br.,

p. 17.  LaRue's unsupported attorney argument is directly contradicted by Mr. O'Keefe's

declaration.  Mr. O'Keefe states that the accused products incorporate, literally and by

equivalents, first and second camming areas spaced apart as illustrated below:



*See*, O'Keefe Decl., ¶¶ 29-40.  Accordingly, A.R.M.S. disputes LaRue's argument that

this feature is lacking in the accused products and summary judgment should be denied.

16

*Kraft v. Int'l Trading*, 203 F.3d at 1373; *see also*, *Toro Co. v. White Cons. Indus., Inc.*, 266 F.3d 1367, 1370 (Fed. Cir. 2001) (determination of whether a two-piece component is equivalent to a one-piece component is a material issue of fact for the jury).

LaRue's argument is also directly contradicted by its earlier non-infringement contention wherein it stated that "[t]he integral cam plate (72) of the locking lever (56) includes two substantially straight tapered cam surfaces (74, 76)" (Ex. G, p. 6), as illustrated in the diagram provided by LaRue with such contentions and reproduced below:



*Id.*, p. 15, Fig. 14.

Thus, contrary to its present position, LaRue has admitted that the accused products have two camming areas that, as shown above, are spaced apart by curved "section" 78. *Id.*, p. 6.[7/] If the accused products used only one camming area, LaRue would not have used two numerals, 74 and 76, to describe this feature.  Accordingly, LaRue's new argument

---

[7/] Thus, even under LaRue's proposed dictionary definition, the two camming areas are admittedly spaced apart, i.e. "some distance apart." *See*, LaRue br., p. 14.  Likewise, LaRue's new argument, on page 17 of its brief, that "the sole camming area of the Accused Products is actually the rounded corner that ARMS asserts to be the 'space'" must be rejected as LaRue has identified two camming areas, 74 and 76, in this drawing.

that it does not infringe because it only uses a single camming area must be rejected and its motion denied.[8/]

In addition to the foregoing, LaRue's motion on this issue should be denied because it is once again impermissibly attempting to rewrite the claims of the '871 patent. On pages 14-17 of its brief, LaRue argues that, as shown in the preferred embodiment illustrated in figure 9 of the '871 patent, the "first camming area 79 and [the] second camming area 81 [] are separated (i.e., spaced from) from each other by first and second edges 72a and 72b." Likewise, on page 17, LaRue argues that the camming areas must be separated by "first and second edges." The asserted claims, however, do not recite that the camming areas must be spaced apart by "edges" or any other geometric feature. Accordingly, LaRue's attempt to have the Court require that the camming areas be separated by "edges" should be rejected. *Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282, 1288 (Fed. Cir. 2009) ("courts must take care not to import limitations into the claims from the specification").

On pages 18-19 of its brief, LaRue attempts once again to read limitations from the specification into the claims. More particularly, LaRue argues that the camming areas must "each have at least two portions . . ." because the handle is intended to be rotatable in both lateral directions. The claims, however, do not recite that each camming area must have two portions or that the handle must be rotatable in both directions. Accordingly, LaRue's argument that it does not infringe literally or by equivalence must

---

[8/] On page 15 of its brief, LaRue asserts that "[a] 'camming area' would be understood by one of ordinary skill in the art to be the area extending farthest from the point of rotation of the locking portion;" LaRue has submitted no definition of the level of skill of "one of ordinary skill." Similarly, LaRue's other unsupported references to one of ordinary skill in the art, *see, e.g.*, LaRue br. pp. 1, 3, 15, 17, should be disregarded. Neither does LaRue provide any support for its proposed definition of "camming area." As a result, LaRue's proposed definition should be rejected.

be rejected. *Abbott Labs. v. Sandoz*, 566 F.3d at 1288.  As set forth in Mr. O'Keefe's expert declaration, the accused products incorporate, literally and by equivalence, first and second camming areas as claimed in the '871 patent. *See*, O'Keefe Decl., ¶¶ 29-40. As stated previously, LaRue has submitted no declaration to the contrary.  Thus, LaRue's final assertion, on pages 18-20 of its brief, that the accused products lack equivalence to the claimed camming areas is disputed and summary judgment should, therefore, be denied.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, A.R.M.S. requests that LaRue's motion be denied.


ATLANTIC RESEARCH MARKETING
SYSTEMS, INC.


Dated:   August 27, 2010              By:   ____/s/  Paul J. Cronin_____
                                       Paul J. Hayes (BBO# 227,000)
                                       pjhayes@mintz.com
                                       Paul J. Cronin (BBO# 641,230)
                                       pjcronin@mintz.com
                                       MINTZ LEVIN COHN FERRIS
                                         GLOVSKY AND POPEO, P.C.
                                       One Financial Center
                                       Boston, MA  02111
                                       617-542-6000 (telephone)
                                       617-542-2241 (facsimile)

APPENDIX A

A.R.M.S. responds to LaRue's statement of undisputed facts as follows:

1.      Undisputed.

2.      Disputed. *See*, 871 patent, claim 2.

3.      Disputed. *See*, Cronin Decl., Ex. A; O'Keefe decl., ¶¶ 34-35; App. A, Fig. 3.

4.      Disputed. *See*, Cronin Decl., Ex. F; O'Keefe Decl., ¶ 19.

5.      Disputed. *See*, Cronin Decl., Ex. F; O'Keefe Decl., ¶¶ 18, 19, 25, 27.

6.      Disputed as unintelligible.

7.      Disputed. *See*, Cronin Decl., Ex. A; O'Keefe Decl., ¶¶ 22, 27; App. A, Figs. 4-6.

8.      Disputed. *See*, O'Keefe Decl., ¶¶ 20-21; App. A, Fig. 17.

9.      Undisputed.

10.     Disputed. *See*, O'Keefe Decl., ¶¶ 18-28.

11.     Irrelevant because the claims are not limited to the preferred embodiment.

        Disputed. *See*, O'Keefe Decl., ¶ 18.

12.     Irrelevant because the claims are not limited to the preferred embodiment.

        Disputed. *See*, O'Keefe Decl., ¶¶ 18, 19, 25-27.

13.     Irrelevant because the claims are not limited to the preferred embodiment.

        Disputed. *See*, O'Keefe Decl., ¶¶ 20-27.

14.     This hypothetical is not a proper Statement of Undisputed Fact.

        Disputed. *See*, O'Keefe Decl., ¶¶ 18-27.

15.     Disputed. *See*, O'Keefe Decl., ¶¶ 18-27.

A1

16. Disputed. *See*, Cronin Decl., Ex. G; O'Keefe Decl., ¶ 22.

17. The claims are not limited to actuating means that is a physically separable component from the locking means.   A.R.M.S. does not dispute that, as sold, the actuating means is not a physically separated component from the locking means. A.R.M.S. disputes that this avoids infringement. *See*, O'Keefe Decl., ¶¶ 22-28.

18. Disputed. *See*, O'Keefe Decl., ¶¶ 19, 22, 27.

19. A.R.M.S. disputes that the term "space" is so limited. *See*, O'Keefe Decl., ¶ 30.

20. Disputed. *See*, O'Keefe Decl., ¶ 31.

21. Disputed. *See*, O'Keefe Decl., ¶ 30-36.

22. Disputed. *See*, O'Keefe Decl., ¶¶ 30-40.

23. Disputed. *See*, O'Keefe Decl., ¶¶ 30-40.

24. A first or second edge is not required in order for the accused products to infringe.

Disputed. *See*, O'Keefe Decl., ¶¶ 30, 33, 34, 35, 37.

25. Disputed. *See*, O'Keefe Decl., ¶¶ 30, 33, 34, 35, 37.

26. To provide locking areas when the handle is rotated in both directions is not required in order for the accused products to infringe.

Disputed. *See*, O'Keefe Decl., ¶ 37.

27. Undisputed but irrelevant to the determination of infringement as the claims are not limited to engagement in more than one direction.  Being capable of engagement only when rotated in a single direction does not avoid infringement.

A2

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2010, a true copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered counsel as identified on the Notice of Electronic Filing (NEF):

<u>        /s/ Paul J. Cronin        </u>

4987825v.1