**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUSTIN PRECISION PRODUCTS, INC. d/b/a LARUE TACTICAL, <br><br> Defendant. | Civil Action No. 09-cv-10034 (DPW) |

**EMERGENCY MOTION TO COMPEL PLAINTIFF'S 30(B)(6) DEPOSITION TESTIMONY ON DECEMBER 15, 16, AND 17 AND APPOINT A DISCOVERY MASTER; SUPPLEMENTAL RESPONSES TO INTERROGATORIES, AND PRODUCTION OF DOCUMENTS FROM PLAINTIFF**

Defendant, Austin Precision Products, Inc. ("LaRue"), moves to compel attendance of two witnesses designated pursuant to Fed. R. Civ. P. 30(b)(6) prepared to testify on behalf of Plaintiff, Atlantic Research Marketing Systems, Inc. ("ARMS") (as noticed for December 156, 16, and 17) on the topics for which they have been designated, and to complete Richard Swan's individual deposition; for signed interrogatory responses sufficient to identify the LaRue products that ARMS accuses of infringement, the ARMS products it considers to be covered by ARMS' asserted patent, trademark and trade dress, and the statements ARMS considers defamatory, and for production of documents relevant to ARMS' claim for damages.

ARMS and LaRue previously reached an agreement that, given the large number of issues in this case, the parties would make available corporate witnesses pursuant to Fed. R. Civ. P. 30(b)(6) for multiple days and agreed that the parties would have the same number of days to conduct their corporate depositions. Now, having already taken

four (4) days of 30(b)(6) testimony (and with another day pending) while LaRue has been given only 8 hours and 22 minutes of 30(b)(6) testimony,[1] ARMS refuses to produce corporate witnesses for the full period of time it had previously agreed was necessary to allow them to address the topics for which the company has designated them.  In addition, Plaintiff has refused to allow the conclusion of Richard Swan's individual deposition.

Additionally, ARMS claims that it is entitled to damages arising from allegations of, *inter alia,* patent infringement, trademark and trade dress infringement, unfair competition, defamation, and unfair and deceptive acts and practices in violation of M.G.L. c. 93A, yet ARMS is refusing to provide discovery that is directed to information and documents that LaRue needs in order to calculate and test ARMS' claims of liability.

Finally, given that ARMS failed to comply with its discovery obligations despite repeated requests by LaRue and despite having previously agreed to provide much of the discovery sought herein, LaRue asks this Court to order ARMS to pay the reasonable expenses incurred in preparing this motion under Fed. R. Civ. P. 37(a)(5), and any costs that may be incurred in depositions that have to be continued as a result of ARMS' failure to comply with its discovery obligations.  Depositions must be completed by December 20th, and these documents and responses are needed to effectively prepare for and conduct those depositions.

---

[1] While Richard Swan testified over two separate days, the actual duration was only 8 hours and 22 minutes: the October 14th deposition began at 9:51 a.m. and breaks were taken from 11:02 a.m. to 11:31 a.m., 12:42 p.m. to 1:51 p.m., from 3:06 p.m. to 3:44 p.m., and from 4:41 to 4:58, before adjourning at 5:07 p.m., while the October 15th deposition did not begin until 10:21 a.m. and breaks were taken from 11:41 a.m. to 12:12 p.m., 12:42 p.m. to 2:41 p.m., and from 3:39 p.m. to 4:06 p.m., going off the record at 5:05 p.m.

For the foregoing reasons, LaRue requests the Court issue an Order (a) compelling ARMS to produce Richard Swan for the conclusion of his individual deposition, and corporate witnesses prepared to testify on all of the topics for which they have been designated, with enough time to fairly inquire; (b) requiring these depositions to be overseen by a Discovery Master; (c) requiring production of the documents sought in the requests identified herein, including production in native electronic format; (d) compelling ARMS to respond substantively to the interrogatories identified herein, and (e) awarding LaRue its costs and attorney's fees.  If ARMS fails to comply, LaRue requests the Court provide notice that LaRue will be entitled to preclude use of such materials at trial and to inferences adverse to ARMS, based on ARMS' failure to produce documents and substantive responses.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2) AND 37.1

I hereby certify that counsel for the parties have conferred regarding the issues presented by this motion but could not reach agreement.

Respectfully submitted,

AUSTIN PRECISION PRODUCTS, INC.,
d/b/a LARUE TECHNICAL,

By its Attorneys

Dated: December 8, 2010

　　/s/   Ann Lamport Hammitte
Thomas P. McNulty (BBO 654,564)
Ann Lamport Hammitte (BBO 553,263)
LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street, 11th Floor
Cambridge, MA  02142
Telephone:  (617) 395-7000
Facsimile:  (617) 395-7070
emailservice@LL-A.com

>Rosanna Sattler (BBO No. 442,760)
>James E. Kruzer, (BBO No. 670,827)
>POSTERNAK BLANKSTEIN & LUND LLP
>Prudential Tower
>800 Boylston Street
>Boston MA  02199-8004
>Telephone:  (617) 973-6135
>Facsimile:  (617) 722-4950

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on counsel of record by the ECF system and will be sent electronically to the registered participants this 8th day of December 2010:

>Paul L. Hayes (BBO # 227,000)
>(phayes@mintz.com)
>Paul J. Cronin (BBO # 641,230)
>(pcronin@mintz.com)
>MINTZ LEVIN COHN FERRIS GLOVSKY
>AND POPEO, P.C.
>One Financial Center
>Boston, MA 02111
>Telephone: (617) 542-6000
>Facsimile: (617) 542-2241

Dated:  December 8, 2010                       /s/ Ann Lamport Hammitte