# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC., ) ) ) ) Plaintiff, ) ) v. ) ) AUSTIN PRECISION PRODUCTS, INC. ) d/b/a LARUE TACTICAL, ) ) Defendant. ) | Civil Action No. 09-10034 (DPW) |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO COMPEL PRODUCTION OF SALES DOCUMENTS FOR ACCUSED PRODUCTS, SAMPLES OF ACCUSED PRODUCTS, AND A <u>FURTHER RULE 30(B)(6) DEPOSITION OF DEFENDANT</u>

Plaintiff Atlantic Research Marketing Systems, Inc. ("ARMS") hereby submits this Memorandum in support of its Emergency Motion to Compel Production of Sales Documents for Accused Products, Samples of Accused Products, and A Further Rule 30(b)(6) Deposition of Defendant.  For the reasons set forth below, ARMS respectfully requests the Court grant this motion.

### <u>INTRODUCTION</u>

This is a complex case involving allegations of patent infringement, trademark infringement, trade dress infringement, Internet-based defamation and numerous other claims, counterclaims and defenses.  Defendant Austin Precision Products, Inc. d/b/a LaRue Tactical ("LaRue") manufactures and sells accessories for small arms weapons,

including a line of mount accessories that allow users to quickly attach and detach scopes, night vision and other accessories to their small arms weapons.

As an example, the LaRue LT-171 quick detach mount is shown below:



LaRue Tactical 17S Upgrade LT-171,

http://stores.homestead.com/Laruetactical/Detail.bok?no=44 (last visited Dec. 11, 2010). ARMS accuses this LaRue quick detach mount, and others, of patent, trademark and trade dress infringement.

Fact discovery is set to close on December 20, 2010. ARMS is scheduled to take the Rule 30(b)(6) deposition of LaRue Tactical on December 15, 2010. Areas of inquiry include sales and sales-related topics (i.e., advertising, marketing, revenues, profits, etc.) regarding the accused products.

LaRue has not produced up-to-date sales information or samples of the accused products. If LaRue does not produce the sales data and product samples at the Rule

30(b)(6) deposition of LaRue on December 15, 2010, an additional Rule 30(b)(6) deposition of LaRue on the withheld sales data and samples will need to be taken.

## ARGUMENT

### I. ARMS respectfully requests that this Court order LaRue to produce up-to-date sales information for each accused product

Sales information for the accused product is relevant, *inter alia*, to ARMS's damages claims. During discovery, ARMS served LaRue with a number of document requests that called for the production of sales and sales-related information for the accused products.[1/] For example, Request No. 262 reads,

> All documents constituting, concerning, referring to, relating to and/or sufficient to show sales of LaRue's products (by name and type) on a monthly, quarterly and yearly basis from 2003 to the present. Ex. B.

In response, LaRue produced (incomplete) sales data for the accused products.

The parties conducted a meet-and-confer on October 8, 2010 to address deficiencies with LaRue's production of sales information. During this meet-and-confer, LaRue conditioned its production of up-to-date sales information for each accused product upon receipt of ARMS's sales data "deemed satisfactory to LaRue." See Ex. D. As it is not proper for LaRue to condition its discovery obligations on ARMS's discovery responses (see Fed.R.Civ.P. 26(d)(2)(B)), and as LaRue has not produced updated sales information for each accused product, ARMS respectfully submits that its motion should be granted.[2/]

---

[1/] The following document requests seek production of sales and sales-related information for each of the accused products: Request Nos. 31 and 34 from Plaintiff's First Request for Production of Documents (see Ex. A), Request No. 262 from Plaintiff's Fourth Request for Production of Documents and Things (see Ex. B), and Request No. 269 from Plaintiff's Fifth Request for Production of Documents and Things (see Ex. C).

[2/] Contrary to LaRue's position, ARMS produced full, complete and up-to-date sales information for the products of ARMS that are similar to the accused products of LaRue on September 28, 2010. Further updated information will be provided to LaRue on or before December 15, 2010.

3

**II.   ARMS respectfully requests that this Court order LaRue to produce samples of each accused product**

Samples of the accused products are relevant, *inter alia*, to ARMS's patent, trademark and trade dress infringement claims. ARMS served a document request to LaRue to obtain samples of the accused products. Request No. 8 reads,

> Two physical samples of each different type or version of Defendant's Accused Products, including prototypes, ever manufactured, sold, offered for sale, or imported by Defendant. Ex. A.

LaRue's response to Request No. 8 reads,

> Said examples are available for inspection at 850 County Road 177, Leander, Texas 78641 as they are kept in the normal course of business. Additional documentation may be contained in the pleadings previously filed in this cause. Defendant reserves the right to supplement its response in accordance with the Federal Rules of Civil Procedure.

Ex. E. LaRue did not object to this request. Rather, LaRue indicated that the requested samples were available for inspection.[3/] Despite this, LaRue has not made them available for inspection.

On October 8, 2010, the parties conducted a meet-and-confer to address LaRue's failure to produce samples for inspection. During this meet-and-confer LaRue agreed to produce samples of the accused products for inspection. Ex. D. Recently, and quite unexpectedly, LaRue reneged and now indicates that "ARMS is free to order them from LaRue." Ex. F. Given its prior response to Request No. 8, and given its agreement to produce samples for inspection during the meet-and-confer, there is no justification for LaRue's last-minute requirement to purchase samples.[4/] Accordingly, LaRue should be

---

[3/]   Subsequently LaRue agreed to switch the location of any inspection from Leander, Texas to the offices of its counsel in Boston, Massachusetts.

[4/]   Ironically, LaRue conducted an Internet-based campaign in 2009 and 2010 wherein LaRue provided free mount products (i.e., accused products) to anyone who intentionally destroyed a comparable ARMS mount product. Ex. G. Over the course of LaRue's online campaign, LaRue provided thousands of

compelled to produce the requested samples for inspection immediately. *See Goss Intern. Americas, Inc. v. MAN Roland, Inc.*, 2006 WL 1134930 (D.N.H. 2006); *Seer Systems, Inc. v. Beatnik, Inc.*, 2006 WL 1180058 (N.D.Cal. 2006) (ordering production of "product samples including prototypes."); *Alloc, Inc. v. Unilin Beheer B.V.*, 2006 WL 757871 (E.D.Wis. 2006) (court orders production of samples).

### III. ARMS respectfully requests that this Court order LaRue to provide an additional Rule 30(b)(6) witness for deposition

As indicated above, LaRue is producing a Rule 30(b)(6) witness for sales and sales-related topics on December 15, 2010. In the event LaRue does not produce the requested sales data and samples at this deposition, ARMS respectfully requests that this Court Order LaRue to provide an additional Rule 30(b)(6) witness for a limited deposition on the sales data and samples, and Grant a limited extension of the fact discovery deadline to allow this deposition to proceed.

---

dollars worth of free mount products to current owners of ARMS products, and gained new customers as a result. Although not required to do so, ARMS immediately offered to purchase the requested samples. Ex. H. ARMS made this offer to allay any concerns that LaRue might have about producing samples. LaRue did not confirm that if a purchase order is placed the requested samples would be produced.

## CONCLUSION

For the reasons set forth above, ARMS respectfully requests that its Emergency Motion to Compel Production of Sales Documents for Accused Products, Samples of Accused Products and A Further Rule 30(b)(6) Deposition of Defendant be granted.

Respectfully submitted,

Dated: December 14, 2010

ATLANTIC RESEARCH MARKETING SYSTEMS, INC.

By:      /s/ Paul J. Cronin
Paul J. Hayes (BBO # 227,000)
(phayes@mintz.com)
Paul J. Cronin (BBO # 641,230)
(pcronin@mintz.com)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served by the Court's ECF Filing system to all counsel of record on December 14, 2010:

     /s/ Paul J. Cronin
Paul J. Cronin

5206994v.1